UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MOBILEMEDIA IDEAS LLC,

       Plaintiff,

  v.                                 CASE NO. 8:16-CV-1316-T-23MAP

SAMSUNG ELECTRONICS CO., LTD.,
and SAMSUNG ELECTRONICS
AMERICA, INC.,

       Defendants.

_____/

## ORDER

      This is a patent infringement case involving smartphone, tablet, and laptop technology. Plaintiff MobileMedia Ideas LLC is a non-practicing entity that holds the three patents at issue: the '078 patent (built-in camera units), the '239 patent (voice commands), and the '125 patent (contacts storage and memory) (doc. 1).[1]  Defendants are Samsung Electronics Co., Ltd., which designs, engineers, tests, manufactures, and assembles electronics in South Korea, and Samsung Electronics America, Inc., a wholly-owned subsidiary that markets and sells these electronics in the United States.[2]  Defendants countersue for declaratory judgments of non-infringement and invalidity.  At this juncture, Defendants move to transfer venue to the Northern District of California (docs. 36, 48), relief Plaintiff opposes (doc. 44).[3]  After considering the parties' arguments, the motion is granted.

---

    [1] A non-practicing entity does not research and develop new technology but instead acquires patents, licenses technology, and sues alleged infringers (*see* doc. 1, complt. at ¶ 2).

    [2] References to Samsung in this Order are to both entities.

    [3] The District Judge referred the motion to me.  Transfer of venue is a non-dispositive pretrial matter, which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A). *Silong v. United States*, No. 5:05-cv-55-Oc-10GRJ, 2006 WL 948048, at *1, fn.1 (M.D. Fla. Apr.

*I.      Background*

Neither side has a compelling connection with the Middle District of Florida.  But this was Plaintiff's forum choice, and "plaintiffs are ordinarily allowed to select whatever forum they consider most advantageous (consistent with jurisdictional and venue limitations)."  *Atl. Marine Const. Co. v. United States Dist. Ct. for the W. Dist. of Tex.*, 134 S.Ct. 568, 581-82 (2013).   Plaintiff is incorporated in Delaware and has its principal place of business in Maryland (compl. at ¶ 1). Defendant Samsung Electronics is a South Korean corporation with its principal place of business in that country (doc. 36-1, Kwon decl. at ¶ 3).   Defendant Samsung America is a New York corporation with New Jersey serving as its principal place of business and with offices in Texas, Washington, California, Virginia, Kansas, Georgia, and New York (doc. 36-2, Rowden decl. at ¶ 3). Neither party has a Florida operation or Florida-based employees.  The inventors of the patented technology live and work outside of Florida (in Texas and Europe), as do the prosecuting attorneys (doc. 45, Horn decl. at ¶¶ 3-5; doc. 43-1 at 6).   The infringing technology is sold nationwide, including in this District (compl. at ¶¶ 11-12).

Defendants argue that this Court should transfer the case to the Northern District of California because non-party Google designed the source code for four of the features Plaintiff identifies in its complaint: Gmail, phone contacts, speed dialing, and auto-reject.  Defendant reasons that Google's engineers will be witnesses in this case because they designed the features Plaintiff is suing over and communicated with Defendants about them (doc. 36 at 9-10).   Google is headquartered in the Northern District of California (doc. 36-3, Brann decl. at ¶ 14).  Plaintiff also

12, 2006); *Hartley v. Ellis*, No. 5:09-cv-46/RS/EMT, 2009 WL 564663, at *1 (N.D. Fla. Mar. 5, 2009).

identifies as allegedly infringing technology S Voice, which Samsung developed in Korea, and processors used in Samsung's Galaxy S4.  Some of these processors, Defendants argue, are designed by non-parties Intel Corp., Qualcomm Technologies, Inc., Broadcom Ltd., and Silicon Image (now Lattice Semiconductor) – all headquartered in California (doc. 36 at 10; Brann decl. at ¶¶ 10-13).

Plaintiff responds that California is no more convenient for the parties and the witnesses than Florida; all things being equal, Plaintiff's forum choice should control.  Plaintiff emphasizes that all of the accused products are Samsung products, Samsung is registered to do business in Florida, and Samsung markets and sells its products in this District (doc. 44 at 9).  Plaintiff also points out that Defendants (who carry the burden on the venue issue) do not contend that any of their relevant documents, offices, or witnesses are in California – just that Google's (and other non-parties') are. Plaintiff claims that Samsung offers too little detail on who these non-party witnesses are who will be so inconvenienced by traveling to Florida, what their testimony will be, and if they will even need to testify at trial.

## II.    Legal Analysis

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[4]  This section is "intended to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh*

---

[4] In patent cases, the law of the Federal Circuit governs. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008).  The Federal Circuit explains that "[i]n reviewing a district court's ruling on a motion to transfer pursuant to § 1404(a), we apply the law of the regional circuit." *In re Nissim Corp.*, 316 F. App'x 991, 992 (Fed. Cir. 2008).

*Corp.*, 487 U.S. 22, 29 (1988) (internal quotations and citations omitted).

It is a defendant's burden to establish that transfer is warranted. *Suomen Colorize Oy v. DISH Network LLC,* 801 F.Supp.2d 1334, 1337 (M.D. Fla. 2011). The moving party must establish (1) that the action might have been brought in the district to which the movant seeks to have the case transferred; and (2) that transfer is appropriate based on the convenience of the parties, the convenience of the witnesses, and the interests of justice. *Id.*

Here, the parties do not dispute that Plaintiff could have filed this case in the Northern District of California. Like this Court, that district has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). And Defendants, whose products are sold in every state, are subject to personal jurisdiction in the Northern District of California under 28 U.S.C. § 1391(b)(2), the same as they are here. The only issue is whether transfer is appropriate.

### A.    Section 1404 Factors

Courts in the Eleventh Circuit have refined Section 1404's second inquiry (the convenience of the parties and witnesses and the interests of justice) to include the following factors:  "(1) the convenience of the witnesses; (2) the location of relevant documents; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of the unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Fresh Patch, LLC v. Youn*, No. 8:13-cv-2602-T-23AEP, 2014 WL 3720448, at *1 (M.D. Fla. July 25, 2014) (*quoting Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)). No one factor is dispositive of the analysis, although some are of diminished value while others take on more significance under these

4

circumstances.

### 1.    Convenience of the Witnesses/Ability to Compel Process

Many courts consider the convenience of the non-party witnesses and the court's ability to compel process the most significant factors in analyzing whether to grant a motion to transfer venue. *See Social Language Processing, Inc. v. Ott*, No. 12-62286-CIV, 2013 WL 1442168, at *4 (S.D. Fla. Apr. 9, 2013); *LaPenna v. Cooper Tire & Rubber Co.*, No. 2:10-cv-1018-MEF, 2011 WL 2669469, at *5 (M.D. Ala. July 7, 2011); Wright & Miller, 15 Fed. Prac. & Proc. § 3851 (collecting cases). Defendants state that many key non-party witnesses live and work in California. They do not identify any non-party witnesses by name, and they offer scant detail about the topic of their testimony. But neither side has identified any potential witnesses located in the Middle District of Florida, even generally.

Defendants' affidavits satisfy me that technical, non-party witnesses are located in California and that these witnesses will have a significant (albeit undefined) role in this case: Regarding software features named in Plaintiff's complaint, Samsung's director and vice president attest that Google provides it with the source code for the four main features; Samsung does not develop these features. As for the S-Voice software feature also identified in the complaint, Samsung's engineers design and implement it in South Korea. And the hardware within the allegedly infringing products – specifically the processors within the Galaxy S4 – are designed in California by California-based non-parties Qualcomm, Broadcom, Intel, and Lattice Semiconductor (Kwon decl. at ¶¶ 6-8; Rowden decl. at ¶¶ 7-8).[5] A trial in the Northern District of California would be much more convenient for

---

[5] Lattice Semiconductor is now headquartered in Oregon but during the relevant time period was known as Silicon Image and was based in California (*see* doc. 36-26).

these witnesses than a Florida trial.

Plaintiff claims that this showing is insufficient and vague. But in a patent infringement case, the majority of witnesses likely originate with the defendant. *In re Genetech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). Here, Defendants attest that none of their witnesses is located in Florida and have offered evidence that a number of non-party witnesses with knowledge of the accused technology are employed as engineers at Google's headquarters in the Northern District of California (Kwon decl. at ¶¶ 5-6). While Defendants have not identified non-party witnesses by name, this is understandable at this early stage of the case. Plaintiff only recently (since Defendants filed their motion to transfer) served its infringement contentions. The appropriate witnesses will depend on the exact contentions of the claims – a matter Defendants have had little time to digest.

As for this Court's ability to compel process, Plaintiff points out that "the general allegation that some witnesses may be unwilling to testify is not sufficient to support a transfer." *Garay v. BRK Elec.*, 755 F. Supp. 1010, 1012 (M.D. Fla. 1991). Citing *Perlman v. Delisfort-Theodule*, 451 F. App'x 846, 848 (11th Cir. 2012), Plaintiff argues that Defendants have not shown that the Court's compulsory process is even necessary – Samsung has not identified any California-based non-party witness by name and, consequently, has not shown that any non-party witness is unwilling to testify (doc. 44 at 13). But *Perlman* is distinguishable. In that case, the Eleventh Circuit affirmed the district court's denial of a motion to change venue because the defendant filed it more than a year after the plaintiff filed suit (and seven months after the responsive pleading deadline), the defendant had to make only one more trip to Florida (the allegedly inconvenient venue, where she had already retained counsel) for the trial, and at that late stage in the case, the defendant could not "identify any witnesses who could not or would not testify unless the case was transferred." *Id*.

6

Plaintiff also cites *Aalberg v. Plan 4 Coll., Inc.*, No. 09-cv-1393-T-27EAJ, 2009 WL 3698039, at *3-4 (M.D. Fla. Nov. 4, 2009), in which the court denied the defendant's motion to transfer venue from the Middle District of Florida to the District of Maryland in part because the defendants could not satisfy the first prong of Section 1404(a)'s calculus – the court could not determine that the plaintiff could have brought the action in Maryland.  In *Aalberg*, "the substantial part of the events giving rise to the claim occurred in this district." *Id.* at *2.  Indeed, all of the plaintiff's witnesses in *Aalberg* were in Florida; changing the venue to Maryland would have simply shifted the inconvenience from the defendant to the plaintiff.

Neither forum provides for subpoena power over all likely witnesses, but there is record evidence that the Northern District of California will have subpoena power over some of the non-party witnesses, should they refuse to testify.  In contrast, no witnesses – party or non-party – are in this District.  On balance, these two factors (convenience of the witnesses and ability to compel process) tip in Defendants' favor.

## 2.    *Weight Afforded Plaintiff's Forum Choice*

Ordinarily, "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996).  But in patent cases "the preferred forum is the defendant's place of business as that usually constitutes the center of gravity of the alleged patent infringement." *Suomen*, 801 F. Supp. 2d at 1338 (quoting *Proven Winners N. Am., LLC v. Cascade Greenhouse*, No. 2:06-cv-428-FtM-29DNF, 2007 WL 1655387, at *2 (M.D. Fla. June 6, 2007)).  And "where a plaintiff has chosen a forum that is not its home forum, only minimal deference is required, and it is considerably easier to satisfy the burden of showing that other considerations make transfer proper." *Id.* (citation and

quotations omitted); *see also Garay v. BRK Elecs.*, 755 F.Supp. 1010, 1011 (M.D. Fla. 1991) ("Where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration."). "A non-resident plaintiff's forum is still accorded some weight when ruling on a motion to change venue." *Carrizosa v. Chiquita Brands Intern., Inc.*, No. 07-cv-60821, 2007 WL 3458987 (S.D. Fla. Nov. 14, 2007).

Defendants bear the ultimate burden to show that transfer is proper. Plaintiff wants to litigate here, and provided there are no jurisdictional or venue limitations, that is its decision to make. On the other hand, it would be logical for Defendants to seek transfer to their home forum (usually the center of gravity in a patent case) – either Korea or New Jersey. But Defendants want to litigate in California. So how do I weigh the parties' preferences when neither side has a unique connection to this venue and neither side seeks to litigate in their home state?

I find that Plaintiff's forum choice is entitled to little deference in light of its weak connection with the Middle District of Florida. This District is neither central to the facts of the alleged infringement nor is it Plaintiff's home forum.[6] In fact, the operative facts underlying the alleged cause of action have no material connection whatsoever with this forum. As a non-practicing entity, Plaintiff does not have any operations, facilities, or employees in Florida (in fact, its entire operation consists of three to five employees located in Maryland). This District appears to have no special status vis-a-vis the nationwide infringement Plaintiff alleges – Plaintiff's sole activity in this forum

---

[6] Plaintiff has litigated in the District of Delaware, the Federal Circuit, and the Eastern District of Texas. It also defended a suit in the Northern District of California. Defendants, for their part, have litigated all over the country, including as a defendant in the Orlando Division of this District (*Parker Vision, Inc. v. Qualcomm Incorporated, et al.*, 6:14-cv-687-Orl-PGB-KRS). In that case, however, the Plaintiff's principal place of business was Jacksonville (so Samsung did not request a venue change).

is the enforcement of its intellectual property rights (as opposed to the research and development of technologies). And it appears the only connection that Plaintiff's claims and Defendants have to the Middle District of Florida is that Defendants sell their products here. Because of this, I place little significance on Plaintiff's choice of Florida as its forum.

*3.     Convenience of the Parties*

The convenience of the parties concerns the appearance of employees at court and, to some extent, the appearance of counsel. And, "when a transfer of venue would merely shift the inconvenience from the defendant to the plaintiff, the plaintiff's forum choice should not be disturbed." *Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc.*, 761 F. Supp.2d 1322, 1329 (M.D. Fla. 2010). On balance, Plaintiff does not appear to be clearly convenienced by proceeding in this forum or clearly inconvenienced by proceeding in the Northern District of California – a transfer of venue would not shift the burden from Plaintiff to Defendants because Plaintiff will have to travel to either venue. Plaintiff points out that none of the parties resides in California. Plaintiff attests that its home base is Maryland, the inventors of the technology reside in Texas and Europe, and the prosecuting attorneys reside in Massachusetts and Connecticut. Plaintiff has submitted evidence that flights from most of these locations to Florida are shorter than flights from the same locations to California (doc. 44 at 11; doc. 43-5). Defendant, on the other hand, maintains an office and employees in the Northern District of California, which is more than either side can say about its connections to Florida (Rowden decl. at ¶ 3).[7] Defendant also attests that flights from South Korea to California are significantly shorter than flights from South Korea

---

[7] There is no evidence that Defendants' California office performs functions relevant to Plaintiff's claims.

9

to Florida (Brann decl. at ¶ 15).

I place little weight on the flight times of Plaintiff and Defendants' foreign witnesses; they will travel a significant distance no matter where they testify. *See In re Genetech, Inc.*, 566 F.3d at 1344.   And regarding Plaintiff's United States-based witnesses (the inventors and prosecuting attorneys), a slightly longer flight to California does not present a meaningful inconvenience.  Under these circumstances, given that neither side has offices, employees, or witnesses in Florida, California is not significantly more inconvenient for Plaintiff. Defendants maintain a California office, and there are at least some potential witnesses who reside in the Northern District of California.  These factors favor Defendants.

### 4.     *Locus of Operative Facts*

The preferred forum in patent infringement actions is "that which is the center of gravity of the accused activity," which is generally "where the research and development of the allegedly infringing products occurred, and where the decisions regarding marketing and sales of the accused products were made." *Trace-Wilco, Inc. v. Symantec Corp.*, No. 08-80877-CIV, 2009 WL 455432 (S.D. Fla. Feb. 23, 2009).  Usually this is "the location of the alleged infringer's principal place of business." *Id*.  But more to the point, "[t]he district court ought be as close as possible to the milieu of the infringing device and the hub of activity centered around its production." *Id*., quoting *Amazon.com v. Cendant Corp.*, 404 F.Supp.2d 1256, 1260 (W.D. Wash. 2005).

Samsung contends that it designs and develops the accused products in South Korea.  But regarding software features named in Plaintiff's complaint, Samsung's director and vice president attest that California-based Google provides it with the source code for the four main features; Samsung does not develop them.  As for the S-Voice software feature also identified in the

complaint, Samsung's engineers design and implement it in South Korea.  And the component hardware within the accused products – specifically the processors within the Galaxy S4 – are designed at the California headquarters for non-parties Qualcomm, Broadcom, Intel, and Lattice Semiconductor (Kwon decl. at ¶¶ 6-8; Rowden decl. at ¶¶ 7-8).

Plaintiff urges me to take a step back and remember that at issue are the accused products, not their component parts, which Samsung admits it designs and manufactures in South Korea (Kwon decl. at ¶¶ 3, 6, 8).  If there is a locus of operative facts in the United States, Plaintiff argues, it is New Jersey, Samsung's United States headquarters.  But the fact that Plaintiff did not sue in New Jersey weakens its argument that New Jersey is the center of this dispute.  On the other hand, at oral argument and in their papers, Defendants provided a convincing argument that the center of gravity surrounding the accused products (outside of South Korea) is far to the west of Florida and weighs in favor of Defendants' Northern District of California forum.

### 5.   *Location of Relevant Documents*

This factor examines where the documentary proof and other tangible materials are located and how easily the parties can transport them to trial.  "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."  *Suomen,* 801 F. Supp.2d at 1339 (citation and quotations omitted).  But "[t]he significance of this factor is reduced because technological advancements in electronic document imaging and retrieval minimize the burden of document production."  *Trinity Christian Ctr.*, 761 F.Supp.2d at 1327.

Defendants claim most of the documentary evidence is located in California because that is where Google safeguards its source codes.  Plaintiff retorts that Defendants maintain their documents

in Korea and New Jersey, while Plaintiff maintains its documents in Maryland – California has nothing to do with it.  Weighing the parties' arguments, the documentary proof appears somewhat easier to access if the case is transferred to the Northern District of California.  The relevant non-parties' documents likely are stored there, including Google's source code for the software features at issue (Kwon decl. at ¶ 6; Rowden decl. at ¶ 7).  Neither side has identified any party or non-party that maintains documents in Florida.  I suspect, in any event, that because much of the documentary evidence is stored electronically, any inconvenience related to accessing records will be minimal.  This factor – although of reduced significance – favors transfer.

### 6.    Relative Means of the Parties

This factor is neutral – both parties are on solid financial footing and have the means to litigate the case either here or in the Northern District of California.  Samsung is a billion-dollar company; Plaintiff is majority-owned by MPEG-LA, a patent pool that licenses common digital video technologies, with Sony and Nokia as minority stakeholders (compl. at ¶ 2).

### 7.    Forum's Familiarity with Governing Law

The parties agree this is a neutral factor.  "The factor of a forum's familiarity with the governing law makes no difference in evaluating a transfer in this case because the complaint alleges violations of federal statutes and common laws without specification of any state's laws."  *Trinity Christian Ctr.*, 761 F.Supp.2d at 1329-30.  Both districts are equally knowledgeable regarding the governing law.

### 8.    Trial Efficiency/Interests of Justice

This factor slightly favors Plaintiff.  The median time from filing to trial for the period ending December 2016, in the Middle District of Florida is 24.2 months.  The median time from filing to

trial in the Northern District of California over the same time period is 31.2 months. *See* U.S. District Courts, Federal Court Management Statistics, *available at* www.uscourts.gov/statistics-reports/analysis-reports/federal-court-management-statistics (last visited March 28, 2017). This 7-month difference means that Plaintiff would get a speedier trial here. And the parties have known of their July 2018 trial date in this Court since November 2016 (doc. 35).

    *III.*     *Conclusion*

    Of the nine factors courts consider under 28 U.S.C. § 1404(a), six favor Defendants (including two factors I weigh more heavily, the convenience of the non-party witnesses and the ability to compel process), one favors Plaintiff (trial efficiency), and two are neutral. Defendants' motion to transfer venue (doc. 36) is GRANTED. The Clerk is directed to transfer this action to the Northern District of California.

    DONE and ORDERED in Tampa, Florida on March 28, 2017.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE